USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ahmadou Sankara,

                Petitioner,

–v–

Daniel F. Martuscellor, Jr., *et al.*,

                Respondents.

18-cv-06308 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Magistrate Judge Fox recommends that this Court deny Petitioner Ahmadou Sankara's Petition for Writ of Habeas Corpus. For the reasons discussed below, the Court adopts Magistrate Judge Fox's recommendation in its entirety and denies Petitioner's Motion labeled as a "Motion to Change Venue."

    I.    **Analysis**

    Petitioner Ahmadou Sankara was arrested in New York on March 6, 2015 for possessing forged bank cards. *See* Report and Recommendation ("Report") at 1, Dkt 65. He was convicted on three counts of second-degree criminal possession of a forged instrument on December 9, 2015. *See* Petition at 1, Dkt 1. On June 14, 2018, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2554 challenging his judgment of conviction on the following grounds: insufficient evidence to support a verdict, the verdict was against the weight of the evidence, prosecutorial misconduct, ineffective assistance of counsel, and a lack of probable cause for arrest. *See id*. On September 23, 2020, he filed a subsequent motion asking the Court to grant his Petition or "change the venue and vacate the conviction and dismissed the

indictment." Motion, Dkt 57. Magistrate Judge Fox issued a Report and Recommendation on May 28, 2020 recommending that the Petition be denied. *See* Report, Dkt 65. Petitioner filed a timely objection on October 12, 2020 asking the Court reject Magistrate Judge Fox's recommendations and grant his Petition. *See* Objection, Dkt 69.

In the Report and Recommendation, Magistrate Judge Fox recommended that this Court deny each of Petitioner's claims for relief under Section 2254. Because Petitioner objected, the Court reviews these claims de novo. *See* Fed. R. Civ. Proc. 72(b).

The Court adopts Magistrate Judge Fox's recommendations in full. First, Petitioner claims that there was insufficient evidence to support the verdict in his jury trial. *See* Petition at 2. Magistrate Judge Fox explains in the Report that Petitioner did not raise this claim state court, and therefore the claim is "unexhausted and procedurally defaulted," and Petitioner has failed to show cause for the default or the resulting prejudice, or that he is actually innocent. Report at 11. *See Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). In his objection, Petitioner does not deny that he did not raise the claim in state court and instead just reiterates his claim that there was insufficient evidence on the trial record to support the verdict. *See* Objection. He also claims that he is innocent, *see id.*, though he does not provide any facts to color that claim. The Court agrees with Magistrate Judge Fox that there is no basis in the record to excuse Petitioners' default and this claim is therefore barred. *See Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017).

Second, Petitioner claims that the verdict was against the weight of the evidence. *See* Petition at 4. Magistrate Judge Fox explains that this is a claim under state law and is therefore not cognizable in a habeas corpus proceeding. *See* Report at 11. In his Objection, Petitioner does not deny that this is a state law claim and instead just reiterates that the verdict was against

the weight of the evidence. *See* Objection. The Court agrees with Magistrate Judge Fox's conclusion that the claim raises an error of state law and therefore is not cognizable in this proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Third, Petitioner claims that the prosecutor committed fraud and misconduct by fabricating evidence and allowing him to be convicted despite his innocence. *See* Petition at 3. Magistrate Judge Fox recommends that this claim be dismissed because the state court denied this claim based on an independent and adequate ground of procedural default, and that Petitioner has failed to show cause for his default or resulting prejudice, or that he is actually innocent. *See* Report at 12. Petitioner does not deny in his Objection that the state court denied his claim based on procedural default and does not provide any basis to excuse his default. *See* Objection. The Court agrees with Magistrate Judge Fox's recommendation that the claim be dismissed for the reasons set forth in his Report and Recommendation.

Fourth, Petitioner claims that his counsel was ineffective for various reasons, including that they failed to investigate, impeach witnesses, preserve issues for appeal, inform Petitioner of the court's rulings, and for a general lack of due diligence and failure to subject the prosecutor's case to true adversarial testing. *See* Petition at 4-5. Magistrate Judge Fox recommends the Court deny Petitioner's ineffective assistance of counsel arguments because for each of them either the state court rejected the argument based on the independent and adequate ground of procedural default or the Petitioner failed to raise the argument before the state court. *See* Report at 12-13. In his objection, Petitioner does not address the issue of procedural default or provide any reason to excuse the default or exhaustion requirement. *See* Objection. The Court agrees with Magistrate Judge Fox that this claim is barred for the reasons set forth in his Report and Recommendation.

Finally, Petitioner claims that the arresting officer violated his Fourth Amendment rights. *See* Petition at 1. Magistrate Judge Fox explains that Petitioner was afforded a full and fair opportunity to litigate this issue in state court, and therefore habeas corpus relief is not warranted. *See* Report at 13. In his Objection, Petitioner argues that "the state court violate my fourth amendment claim due to search or seizure because there was no any search or seizure evidence [sic] presented at state trial court." Objection. The Court determines that Petitioner raised his Fourth Amendment claim before the state court and was given the full opportunity to litigate the issue, regardless of whether he presented any particular evidence, and therefore his claim for habeas corpus relief is denied.

In addition to adopting Magistrate Judge Fox's recommendations in full and denying Petitioner's Petition, the Court also denies his September 23, 2020 Motion styled as a motion to "change the venue and vacate the conviction and dismissed the indictment." Motion, Dkt 57. Petitioner does not specify which venue he requests this proceeding be transferred to. Indeed, the Motion appears to simply be a request for the Court to assert jurisdiction over his Petition and remove his criminal conviction. That request is wholly duplicative of his Petition and is therefore denied for the reasons stated above.

## II. Conclusion

For the reasons discussed above, the Court adopts Magistrate Judge Fox's recommendations in full and denies Petitioner's Petition for Writ of Habeas Corpus and Motion to Change Venue. This resolves docket numbers 1, 57, and 65.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be

taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note the mailing on the docket, issue judgment, and close the case.

SO ORDERED.

Dated: November 19, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge