UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ahmadou Sankara,

                Petitioner,

       –v–

Daniel F. Martuscellor, Jr. et al.,

                Respondents.

18-cv-6308 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Before the Court is Petitioner's Motion for Reconsideration of the Court's denial of his Petition for Writ of Habeas Corpus. Dkt. No. 76. For the reasons that follow, the motion is DENIED.

## I.    Background

Petitioner Ahmadou Sankara was arrested in New York on March 6, 2015, for possessing forged bank cards. *See* Dkt. No. 65 at 1. He was convicted of three counts of second-degree criminal possession of a forged instrument on December 9, 2015. Dkt. No. 1. On June 14, 2018, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his judgment of conviction on several grounds. Magistrate Judge Fox issued a Report and Recommendation recommending that this Court deny each of Petitioner's claims for relief under Section 2254. Dkt. No. 65. On November 19, 2020, the Court adopted Magistrate Judge Fox's recommendations in full and denied Petitioner's Petition for Writ of Habeas. Dkt. No. 70. Petitioner moved in the Second Circuit for a certificate of appealability, Dkt. No. 74, and on

January 27, 2022, the Second Circuit denied the motion and dismissed the appeal as moot, Dkt. No. 75. Petitioner subsequently filed this Motion for Reconsideration. Dkt. No. 76.

## II.    Discussion

Petitioner moves "for reconsideration due to US Court of Appeals for the Second Circuit Order Jan. 27 2022 under docket 20 3991." Dkt. No. 76 at 1. To the extent that Petitioner is asking the Court to reconsider the Second Circuit's mootness determination, the Court declines to do so. Although under limited circumstances the Court may modify its own judgments, it may not reconsider or modify judgments issued by a different court. *See, e.g.*, *In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000).

To the extent that Petitioner is seeking reconsideration of this Court's judgment based on the Second Circuit's dismissal, the Court would still deny the motion. More than one year has passed since the Court denied habeas relief, so the Petitioner's only avenue for relief is Rule 60(b). *See Fowlkes v. Adamec*, 622 F. App'x 76, 77 (2d Cir. 2015); *see also* Fed. R. Civ. P. 60(c)(1). Because a motion based on subsections (b)(1)-(3) is time-barred, Petitioner's only recourse lies in subsections (b)(4)-(6). Petitioner does not allege that the district court's decision is void, *see* Fed. R. Civ. P. 60(b)(4), or that is based on an earlier judgment that has been reversed or vacated, or that it can no longer be prospectively applied equitably, *see* Fed. R. Civ. P. 60(b)(5), so Petitioner must demonstrate that "extraordinary circumstances warrant relief," to satisfy Rule 60(b)(6), *see Fowlkes*, 622 F. App'x at 77. Because Petitioner fails to allege that the Second Circuit's dismissal, or any other factor, constitutes extraordinary circumstances, the Court declines to reconsider its judgment.

Petitioner's motion for reconsideration is denied. The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner and note the mailing on the docket, issue

judgment, and close the case. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 31, 2022
       New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation