USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/22/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ahmadou Sankara,

                Petitioner,

    –v–

Daniel F. Martuscellor et al.,

                Respondents.

18-cv-6308 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Petitioner Ahmadou Sankara, proceeding *pro se*, has moved to set aside the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and for the appointment of counsel. Dkt. Nos. 82, 83. For the reasons that follow, his requests are DENIED.

The Court denied Mr. Sankara's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 19, 2020. *Sankara v. Martuscellor*, No. 18-CV-6308 (AJN), 2020 WL 6807079 (S.D.N.Y. Nov. 19, 2020) (Dkt. No. 70). On January 27, 2022, the Second Circuit dismissed Mr. Sankara's appeal as moot. *Sankara v. Matuscello*, No. 20-3991 (2d Cir. Jan. 27, 2022), Dkt. No. 65. This Court then denied Mr. Sankara's first Rule 60(b) motion on May 31, 2022, *Sankara v. Martuscellor*, No. 18-CV-6308 (AJN), 2022 WL 2119300 (S.D.N.Y. May 31, 2022) (Dkt. No. 79), and his second Rule 60(b) motion on March 14, 2023, *Sankara v. Martuscellor*, No. 18-CV-6308 (AJN), 2023 U.S. Dist. LEXIS 43023 (S.D.N.Y. Mar. 14, 2023) (Dkt. No. 81).

As the Court previously explained in denying Mr. Sankara's prior Rule 60(b) motions, "[b]ecause a motion based on subsections (b)(1)–(3) is time-barred, Petitioner's only recourse

lies in subsections (b)(4)–(6)." *Sankara*, 2022 WL 2119300, at *1. But "Petitioner does not allege that the district court's decision is void, *see* Fed. R. Civ. P. 60(b)(4), or is based on an earlier judgment that has been reversed or vacated, or that it can no longer be prospectively applied equitably, *see* Fed. R. Civ. P. 60(b)(5), so Petitioner must demonstrate that extraordinary circumstances warrant relief, to satisfy Rule 60(b)(6)." *Sankara*, 2023 U.S. Dist. LEXIS 43023, at *1 (cleaned up). "Because Mr. Sankara's new filings" once again "also do not identify extraordinary circumstances warranting relief under Rule 60(b)(6), his motion must be denied." *Id.* at *1–2. Indeed, his filings largely simply attempt to re-raise arguments on the merits of his § 2254 petition that were considered and rejected by the Court long ago.

"For the same reasons, Mr. Sankara has not shown that his claims are likely to be of substance, so his request for the appointment of counsel is denied." *Id.* at *2 (citing *Bonie v. Annucci*, No. 19-CV-11822 (AJN) (DF), 2020 WL 1233555, at *1–2 (S.D.N.Y. Mar. 13, 2020)).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This is now the third time that Mr. Sankara has filed a meritless Rule 60(b) motion, which largely continues to simply rehash the same arguments. **Mr. Sankara is warned that continued frivolous and duplicative filings may result in sanctions, including a bar on additional filings in this case.**

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Sankara and to terminate Dkt. No. 82.

SO ORDERED.

Dated: May 22, 2023
New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation