UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHMADOU SANKARA,

                                  Plaintiff,

-v-

DANIEL F. MARTUSCELLOR *et al.*,

                                  Respondents.

18 Civ. 6308 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner Ahmadou Sankara, proceeding *pro se*, has moved to set aside the judgment and for appointment of counsel pursuant to Federal Rule of Civil Procedure 60(b) and 18 U.S.C. § 3006A, respectively. Dkt. 87. For the reasons that follow, his requests are denied.

Sankara was arrested in New York on March 6, 2015, for possessing forged bank cards. Dkt. 65 at 1. On December 9, 2015, he was convicted of three counts of second-degree criminal possession of a forged instrument. Dkt. 1 at 1. On June 14, 2018, Sankara filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. *Id.* On March 25, 2019, Sankara applied for the appointment of counsel, Dkt. 25, which Magistrate Judge Fox, to whom the case had been referred for purposes of Sankara's habeas corpus petition, denied, Dkt. 34. On August 8, 2019, Judge Fox denied his second application for counsel. Dkt. 49. On October 2, 2020, the Court[1] denied Sankara's motion for reconsideration of his request for counsel. Dkt. 68.

On November 19, 2020, the Court denied Sankara's petition for a writ of habeas corpus. Dkt. 70. On January 27, 2022, the Second Circuit dismissed Sankara's appeal as moot. Dkt. 75. On May 31, 2022, the Court denied Sankara's first Rule 60(b) motion. Dkt. 79. On March 14,

---

[1] Judge Alison J. Nathan was then assigned to the case.

2023, the Court denied his second Rule 60(b) motion and third request for counsel. Dkt. 81. On May 22, 2023, the Court denied his third Rule 60(b) motion and fourth request for counsel, "warn[ing] that continued frivolous and duplicative filings may result in sanctions, including a bar on additional filings in this case." Dkt. 84. On February 6, 2024, the Court denied Sankara's fourth Rule 60(b) motion. Dkt. 86.

This is Sankara's fifth Rule 60(b) motion and request for counsel. As the Court has explained in denying one of Sankara's prior Rule 60(b) motions, Sankara "does not allege that the Court's decision is void, see Fed. R. Civ. P. 60(b)(4), or . . . is based on an earlier judgment that has been reversed or vacated, or that it can no longer be prospectively applied equitably, see Fed. R. Civ. P. 60(b)(5), so [Sankara] must demonstrate that extraordinary circumstances warrant relief, to satisfy Rule 60(b)(6)." Dkt. 79 at 2 (cleaned up). Sankara's new filing repeats a laundry list of vague and conclusory allegations that were the basis of his earlier motions, all denied by this Court. Dkt. 87. Because Sankara's new filings do not identify any extraordinary circumstances warranting relief under Rule 60(b)(6), but instead attempt to re-raise arguments on the merits of his § 2254 petition that were rejected by the Court long ago, his motion is denied.

"For the same reasons, Mr. Sankara has not shown that his claims are likely to be of substance, so his request for the appointment of counsel is denied." Dkt. 81 at 2 (citing *Bonie v. Annucci*, No. 19 Civ. 11822, 2020 WL 1233555, at *1–2 (S.D.N.Y. Mar. 13, 2020)).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Sankara and to note the mailing on the public docket.

2

SO ORDERED.

_Paul A. Engelmayer_
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 25, 2024
      New York, New York