UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHMADOU SANKARA,

                              Petitioner,

-v-

DANIEL F. MARTUSCELLOR ET AL.,

                              Respondents.

18 Civ. 6308 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner Ahmadou Sankara, proceeding *pro se*, has moved to set aside the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 91. For the reasons that follow, the Court denies that motion.

Sankara was arrested in New York on March 6, 2015, for possessing forged bank cards. Dkt. 65. On December 9, 2015, he was convicted of three counts of second-degree criminal possession of a forged instrument. Dkt. 1. On June 14, 2018, Sankara filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. *Id.* On November 19, 2020, the Court[1] denied Sankara's petition. Dkt. 70. On January 27, 2022, the Second Circuit dismissed Sankara's appeal as moot. Dkt. 75. On May 31, 2022, the Court denied Sankara's first Rule 60(b) motion. Dkt. 79. On March 14, 2023, the Court denied his second Rule 60(b) motion. Dkt. 81. On May 22, 2023, the Court denied his third Rule 60(b) motion and fourth request for counsel, "warn[ing] that continued frivolous and duplicative filings may result in sanctions, including a bar on additional filings in this case." Dkt. 84. On February 6, 2024, November 25,

---

[1] Judge Alison J. Nathan was then assigned to the case.

2024, and March 21, 2025, the Court denied Sankara's fourth, fifth, and sixth Rule 60(b) motion, respectively. Dkts. 86, 88, 90. This is Sankara's seventh Rule 60(b) motion. Dkt. 91.

As the Court has explained in denying Sankara's prior Rule 60(b) motions, because a motion based on subsections (b)(l)–(3) is time-barred, his only recourse lies in subsections (b)(4)–(6). But Sankara does not allege that the Court's decision is void, *see* Fed. R. Civ. P. 60(b)(4), or was based on an earlier judgment that has been reversed or vacated, or that it can no longer be prospectively applied equitably, *see* Fed. R. Civ. P. 60(b)(5), so Sankara must demonstrate that extraordinary circumstances warrant relief, to satisfy Rule 60(b)(6). Sankara's new filing repeats the same vague and conclusory allegations that were the basis of his earlier motions, all denied by this Court. Dkt. 91. Because Sankara's new filings do not identify any extraordinary circumstances warranting relief under Rule 60(b)(6), his motion is denied.

Sankara is further advised that continued filing of frivolous and duplicative motions will result sanctions from this Court, to include nonmonetary directives, such as a bar on additional filings, or an order to pay a penalty into the Court. *See* Rule 11(c)(4).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Sankara and to note the mailing on the public docket.

SO ORDERED.

                                                            PAUL A. ENGELMAYER
                                                            United States District Judge

Dated: October 20, 2025
       New York, New York