UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHMADOU SANKARA,

                              Petitioner,

      -v-

DANIEL F. MARTUSCELLOR ET AL.,

                              Respondents.

18 Civ. 6308 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      Petitioner Ahmadou Sankara, proceeding *pro se*, has moved to set aside the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 93. This is Sankara's eighth Rule 60(b) motion—his prior seven Rule 60(b) motions having been denied by this Court. *See* Dkts. 79, 81, 84, 86, 88, 90, 92. For the reasons that follow, the Court denies Sankara's latest motion and directs the Clerk of Court to bar any further filings in this case without prior leave of the Court.

      As the Court has explained previously, because a Rule 60 motion based on subsections (b)(l)–(3) is time-barred, Sankara's only recourse lies in subsections (b)(4)–(6). Here, Sankara alleges that the judgment is void, arguing that a Clerk's Judgment dated May 31, 2022, Dkt. 80, improperly identified Respondents in the case caption. Dkt. 93 at 1. This argument is without merit. Sankara does not assert *why* the case caption is erroneous and, even assuming *arguendo* the caption was erroneous, a judgment is not voidable under Rule 60(b)(4) merely because its caption is erroneous. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v.*

*Espinosa*, 559 U.S. 260, 271 (2010). Because Sankara, further, does not assert the judgment was based on an earlier judgment that has been reversed or vacated, or that it can no longer be prospectively applied equitably, *see* Fed. R. Civ. P. 60(b)(5), Sankara must demonstrate that extraordinary circumstances warrant relief, to satisfy Rule 60(b)(6). Sankara's new filing repeats the same vague and conclusory allegations that were the basis of his earlier motions, all denied by this Court. Dkt. 93. Because Sankara's new filings do not identify any extraordinary circumstances warranting relief under Rule 60(b)(6), his motion is denied.

On October 20, 2025, this Court denied Sankara's seventh Rule 60(b) motion. Dkt. 92. While denying Sankara's Rule 60(b) motion, the Court advised that the continued filing of frivolous and duplicative motions will result sanctions from this Court. *Id.* In so doing, the Court reiterated that as early as May 22, 2023—when Sankara filed his third Rule 60(b) motion—the Court had warned that continued frivolous and duplicative filings may result in sanctions, to include a bar on additional filings in this case. Dkt. 84.

It is "beyond peradventure" that "[a] district court possesse[s] the authority to enjoin [a litigant] from further vexatious litigation." *Safir v. U.S. Lines Inc.,* 792 F.2d 19, 23 (2d Cir.1986). Where there has been "a history of frivolous and vexatious litigation," a court may appropriately restrict a litigant's future ability to sue. *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713–14 (2d Cir. 2019). The Second Circuit counsels that a district court restricting a litigant's future access to the courts must consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

The Court determines that the careful consideration of each factor supports imposing restrictions in this case. As to the first factor, the Court finds that Sankara's motions have been made with an improper purpose, reiterating the same claims previously denied by this Court. *See* Dkts. 76, 85, 89, 91, 93. Indeed, Sankara's latest Rule 60(b) motion repeats verbatim substantial portions of his prior filings. *Compare* Dkt. 93 at 4–7 *with* Dkt. 91 at 2–5. This filing was made *after* clear guidance from the Court that duplicative filings will trigger sanctions. *See* Dkt. 92 at 2. As to the second factor, the Court finds that Sankara does not have an objective good faith expectation of prevailing in his Rule 60(b) motion. The Court has repeatedly advised Sankara that his claims under Rule 60(b)(1)–(3) are time barred. *See, e.g.*, Dkts. 90, 92. Sankara's request for this Court's "discretion" in awarding the latest relief may indicate that Sankara, too, may not have objectively expected to prevail. Dkt. 93 at 2. As to the third factor, although Sankara is proceeding *pro se*, a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan,* 518 F.Supp.2d 550, 558 (S.D.N.Y.2007) (internal quotation marks omitted). Finally, as to the fourth and fifth factors, Sankara's filings have evinced a "refusal to accept judicial rulings or the rejection of his claims," thereby burdening court personnel and resources available to adjudicate other claims and matters involving other parties. *Fitzgerald v. Field,* No. 99 Civ. 3406, 1999 WL 1021568, at *5 (S.D.N.Y. Nov. 9, 1999).

The Court's bar today is consistent with the Second Circuit's command that a filing restriction is not overly broad where it preserves a litigant's ability to assert meritorious claims

with prior leave from the Court. *See Safir*, 792 F.2d at 25. The sanction today is not a complete anti-filing injunction. It does not preclude Sankara from instituting any action whatsoever. To the extent Sankara develops a meritorious claim, he is still permitted, after obtaining the Court's approval, to make such a filing.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Sankara and to note the mailing on the public docket.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: October 27, 2025
       New York, New York